UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carl Mellum,

      Plaintiff,

v.                                                    Civil No. 07-3348 (JNE/JJG)
                                                    ORDER

BioWorld Merchandising, Inc.,

      Defendant.

---

D. Clay Taylor, Esq., D. Clay Taylor, P.A., appeared for Plaintiff Carl Mellum.

Joel E. Abrahamson, Esq., and Rebecca L. Neubauer, Esq., Leonard, Street and Deinard P.A., appeared for Defendant BioWorld Merchandising, Inc.

---

As an independent sales representative, Carl Mellum sold goods on behalf of BioWorld Merchandising, Inc. (BioWorld), to Target Corporation. After BioWorld terminated their relationship, Mellum brought this diversity action asserting claims for violations of the Minnesota Termination of Sales Representatives Act, Minn. Stat. § 325E.37 (2006 & Supp. 2007); breach of contract; quantum meruit and unjust enrichment; and violation of Minnesota's statute regarding prompt payment of commissions to commission salespeople, Minn. Stat. § 181.145 (2006). The case is before the Court on BioWorld's motion in limine and for partial summary judgment. For the reasons set forth below, the Court grants the motion.

### I.     BACKGROUND

From 2003 to 2007, Mellum worked as an independent sales representative for BioWorld. He sold goods to Target and received commissions on his sales. An oral agreement of indefinite duration governed the relationship between Mellum and BioWorld. On January 4, 2007, BioWorld notified Mellum that it had terminated the parties' relationship effective immediately.

Approximately six months after the termination of his relationship with BioWorld, Mellum brought this action. He asserted that BioWorld had terminated him without prior warning or good cause; that BioWorld had failed to pay him commissions on sales made in 2005 and 2006; and that BioWorld had failed to pay him commissions for sales made before his termination where the goods were shipped after his termination. Accordingly, he alleged that BioWorld had violated Minn. Stat. § 325E.37 by terminating his sales representative agreement and by failing to pay him commissions; that BioWorld had breached a contract and had violated Minn. Stat. § 181.145 by failing to pay him commissions; and that BioWorld's failure to pay him commissions entitled him to recover under the theories of quantum meruit or unjust enrichment.

Several months after Mellum brought this action, the parties resolved their dispute with respect to BioWorld's alleged failure to pay commissions on sales of goods that shipped to Target before termination of the parties' relationship. BioWorld now seeks summary judgment on Mellum's claim for quantum meruit and unjust enrichment. BioWorld also seeks to preclude Mellum from introducing certain evidence of damages due to BioWorld's alleged wrongful termination of the parties' relationship.

## II.   DISCUSSION

**A.   Quantum meruit and unjust enrichment**

In Count IV of his Complaint, Mellum asserts that he is entitled to recover under the theories of quantum meruit and unjust enrichment. BioWorld maintains that summary judgment on this count is appropriate because a contract governed the parties' relationship. Mellum counters that he properly pleaded the count as an alternative to his claim for breach of contract. "The existence of an express contract between the parties precludes recovery under the theories of quasi-contract, unjust enrichment, or quantum meruit." *Sterling Capital Advisors, Inc. v.*

*Herzog*, 575 N.W.2d 121, 126 (Minn. Ct. App. 1998); *see In re Stevenson Assocs., Inc.*, 777 F.2d 415, 421 (8th Cir. 1985); *Sharp v. Laubersheimer*, 347 N.W.2d 268, 271 (Minn. 1984); *Breza v. Thaldorf*, 149 N.W.2d 276, 279 (Minn. 1967); *Schimmelfennig v. Gaedke*, 27 N.W.2d 416, 420-21 (Minn. 1947). Here, Mellum asserts that BioWorld is contractually obligated to pay him commissions on the sales that he made before his termination where the goods shipped after his termination. BioWorld concedes that it is contractually obligated to pay Mellum commissions on these sales. Accordingly, the Court grants BioWorld summary judgment on Count IV.

**B.    Damages**

In Count I of his Complaint, Mellum claims that BioWorld's termination of the parties' agreement violated the Minnesota Termination of Sales Representatives Act. With regard to this claim, BioWorld seeks to preclude Mellum from introducing evidence of damages other than lost potential commissions during the 180 days following BioWorld's termination of the parties' relationship. According to BioWorld, Mellum conceded in his deposition that any damages other than lost commissions during the 180-day period were speculative. Mellum asserts that he is entitled to recover commissions that he would have earned if he had continued to work as an independent sales representative for BioWorld through the date of trial.

"Under Minnesota law, damages may not be speculative, remote, or conjectural. However, once the fact of damages is proved with certainty, the extent of the damages need only be shown to have a reasonable basis in the evidence." *Storage Tech. Corp. v. Cisco Sys., Inc.*, 395 F.3d 921, 928 (8th Cir. 2005) (citation omitted). In *Wingert & Associates, Inc. v. Paramount Apparel International, Inc.*, 458 F.3d 740 (8th Cir. 2006), the Eighth Circuit set forth the applicable construction of the Minnesota Termination of Sales Representatives Act:

> The Minnesota Termination of Sales Representatives Act provides that a sales representative agreement of indefinite duration "shall be treated as if it were

3

>for a definite duration expiring 180 days after the giving of written notice" of termination. When the agreement is terminated, the sales representative is "entitled to be paid for all sales as to which [it] would have been entitled to commissions pursuant to the provisions of the sales representative agreement, made prior to the . . . end of the notification period." Thus, a representative terminated without 180 days notice is entitled to commissions earned within 180 days of the termination. The statute also separately provides for an award of damages without a time limitation.

458 F.3d at 742 (alteration in original) (citations omitted).

In *Wingert*, a sales representative organization entered into a verbal agreement of indefinite duration to be a sales representative for an apparel manufacturer. *Id.* at 742. The manufacturer paid the organization a commission. *Id.* Later, the manufacturer terminated the agreement without giving 180 days notice. *Id.* The organization then brought suit under the Minnesota Termination of Sales Representatives Act. *Id.* At trial, the organization introduced evidence of its lost commissions during the 180-day period following the notice of termination. *Id.* at 743. It also introduced evidence of lost profits for the next 4.5 years. *Id.* The organization's expert explained that the organization did not have sufficient agents to serve a replacement line and could not arrange for replacements because the manufacturer failed to give 180 days notice. *Id.* The organization was ultimately awarded the lost commissions and the lost profits, and the Eighth Circuit affirmed. *Id.* at 742-44.

Unlike the organization in *Wingert*, Mellum has no evidence of how BioWorld's failure to provide him with 180 days notice damaged him apart from lost commissions during that period. At his deposition, BioWorld repeatedly asked what Mellum would have done if BioWorld had given him 180 days notice and what negative financial consequences he experienced due to the lack of 180 days notice. Mellum responded that he could not answer the questions because BioWorld had not given him 180 days notice. For example, BioWorld asked Mellum, "Do you believe that if you had received 180 days advance notice of BioWorld's

4

decision to end the relationship that you then would have avoided any negative financial consequences?" He responded:

> I have no idea. I was not presented with that. I don't know how I would have reacted. I don't know if I would have gone out and gotten a truck driver job. I have no clue what I would have done. I never had that opportunity, so I can't answer that.

Similarly, BioWorld asked, "Fair to say that you'd have to speculate in order to say one way or the other whether the lack of advance notice caused you any harm?" Mellum responded: "I can't even speculate. Like I said, I've never been put in that position. I don't even know what would happen. What would I do with the buying staff at Target? I'm the guy that's going out. That's negative." Because Mellum's damages other than lost commissions during the 180 days following BioWorld's termination of the parties' relationship are speculative, the Court grants BioWorld's motion in limine.

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. BioWorld's motion in limine and for partial summary judgment [Docket No. 19] is GRANTED.

2. Count IV of the Complaint is DISMISSED WITH PREJUDICE.

3. Mellum's potential damages under Count I of the Complaint are limited to lost commissions that Mellum could have earned during the 180 days after BioWorld's termination of the parties' agreement.

Dated:  September 9, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
